Minshall, J.
On April 30, 1897, J. W. Myers et al. recoverd a judgment for $283.75 against the Travelers Ins. Co. in the court of common pleas of Ashland county, which was affirmed by the circuit court, November 12,1897, in a proceeding in error brought by the defendant, The Travelers Ins. Company. Afterwards the plaintiff in error commenced a proceeding in this court to reverse the judgment of the circuit court and that of the common pleas. And thereupon the defendants in error filed this motion to dismiss the proceeding on the ground that this court, under the provisions of section 6710, Revised Statutes, as amended and took effect April 25, 1898 (93 Laws, 255), has no jurisdiction. The jurisdiction of the court in this case depends upon the construction required to be given the third section of the amendatory act, considered in connection with section 79, Revised Statutes, for the amount involved in the judgment sought to be reversed, is less than $300. Section 3 of the amendatory act, provides that: “This act shall take effect from and after its passage, and shall apply to all causes of action existing, and to *333 actions pending at that time in all courts, inferior to the Supreme Court.” And section 79, Revised Statutes, provides that: “where a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act. ’ ’
It is manifest that the third section of the act amending section 6710, Revised Statutes, was inserted with reference to the provisions of section 79; and the only question that arises on this motion is whether the legislature intended the amendment to apply to proceedings in error that were then pending and also to existing causes of such proceedings, or in other words to existing rights to prosecute error. It is evident that if section 3 had been omitted, the act, being one relating to the remedy, would not have applied to this case; for by section 79, no amendment or repeal relating to the remedy, applies to an existing cause of action, prosecution or proceeding, unless otherwise expressly provided in the amending or repealing act.
This section of the statutes was adopted for the reason that, though the legislature is denied by the constitution the power to pass retroactive laws, it had been held, that this did not include laws relating to the remedy; and so to prevent abuses, of which there were many and somewhat discreditable instances, it was provided that where laws relating. *334 to the remedy were adopted they should not affect pending actions, prosecution or proceedings, nor existing causes of action, prosecution, or proceedings unless otherwise expressly made so in the amending or repealing act. The policy of the section sug’gests that it should receive a liberal construction to the end that its policy be not subverted; and that an act within its provisions should by clear language express that it was intended to apply to each classification of section 79 — cause of action, prosecution and proceeding; and if it fails to apply to all, it should be applied no further than the language employed requires. State ex rel., Construction Co. v. Rabbitts, 46 Ohio St., 178.
It will be noticed that the section desigmates existing causes of action, prosecution or proceeding. “It is a general presumption that every word in a statute was inserted for some purpose. Mere idle and useless repetitions of meaning are not to be supposed, if it can be fairly avoided. ’ ’ Per Thurman, J., in Bloom v. Richards, 2 Ohio St., 387. The term used in this statute are not indentical. They have a well understood and defined signification in the law and practice of the state. A cause of action embraces the facts that entitle a party to relief in an original action; the facts ordinarily stated in a petition; a prosecution relates to criminal proceedings. A cause of action does not embrace within its signification a proceeding’in error; the latter usually grows out of the proceedings had in a cause of action, and is distinguished from it by the name adopted. Hobbs v. Beckwith, 6 Ohio St., 252; Bode v. Welch, 29 id., 19; Lafferty v. Shinn, 38 id., 46; O'Donnell v. Dowling, 43 id., 62. So that the legislature in providing that the amendment of section 6710, Revised Statutes, should *335 simply apply to existing and pending causes of action, cannot be held to have intended more than it expressed; and so the amendment does not apply to a pending proceeding in error, nor to an existing right to prosecute error. If they had so intended, we are bound to presume that, with section 79 before them, they would have so expressly provided.
The limitation of the section as amended to existing and pending causes of action, is, in the construction of the statute, very significant; and suggests that the limitation as made, was purposely done to avoid objection, that would otherwise most likely have been made, to the adoption of the amendment, if intended to apply to any existing right to prosecute error. As adopted the act applies to proceedings in error that may grow out of pending as well as out of existing causes of action; but does not apply to existing causes of proceeding in error, nor to such proceedings pending at the time the amendment took effect. There could be no objection under the constitution to making it apply to proceedings in error arising out of future causes of action. Such an amendment could in no sense be said to be a retroactive law; but as to causes of proceeding that may arise out of pending actions, or even existing causes of action, an amendment affecting such proceedings, might be regarded as falling within the provisions of section 79, and not apply in such cases, without an express provision to that effect; and hence the reason the amendment is expressly made applicable to pending as well as existing causes of action, out of which proceedings in error may arise. The majority of the legislature may have been willing to go this far, and no further; and, presuming this [to have been the fact, they have clearly ex *336 pressed their intention to that effect in the amending act, by limiting the retroactive operation of the amendment to proceedings in error that may arise out of causes of action, existing or pending, at the time it took effect.
The dismissal of Curry v. Homer, heretofore made on the motion of the defendant, will De vacated and the cause restored to its place oa the general docket. The per curiam announced in that case, 40 Bul., 303, is overruled, and will not appear in the volume of reports.

Motion overruled.